**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAI CHUNG NEW MEDIA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-05-3420 |
| HIEN THI NGO, *et al.*, | * | |
| Defendant. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

This case stems from a dispute between entities and individuals in the Vietnamese language media market. Currently before the Court is Defendant's Motion for Costs of a Previously Dismissed Action [6]. For the reasons set forth below, this Court will GRANT the Motion, and STAY this action pending the payment of costs to Defendant.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dai Chung News Media Incorporated is a Maryland corporation and does business as Dai Chung Bi-weekly Newspaper ("Dai Chung"). Plaintiff Hoai Thanh ("Thanh"), a self-described member of the Vietnamese-speaking community in the United States, owned and operated Dai Chung for a number of years. On December 27, 2004, Dai Chung and Thanh (collectively, "Plaintiffs") filed a complaint in the United States District Court for the District of Maryland against Hien Thi Ngo ("Hien"), Hung Ngoc Ngo, Vietnamese Public Radio, Inc., Committee for Religious Freedom in Vietnam Inc., Nguyen Hong Thai, Thang Dinh Nguyen, Boat People S.O.S., Inc., Tran Nghi Hoang , Le Phai, Inc., and John Does 1 through 7 (collectively, "Defendants"). The December 27, 2004 complaint alleged that Defendants violated various provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), engaged in a civil conspiracy, cast Plaintiffs in a false

light, defamed Plaintiffs, and maliciously prosecuted Plaintiffs. On January 25, 2005, an attorney for Defendant Hien entered an appearance on her behalf, as well as on behalf of several other defendants, accepting and waiving service of the complaint and summons. This action remained pending before the Court until August 25, 2005, at which time Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Plaintiffs filed the present suit on December 22, 2005 in this Court against the same defendants in the previous action. The Complaint in this suit is identical to the December 27, 2004 complaint that Plaintiffs previously dismissed. Counsel for Defendant Hien entered notice of his appearance on January 16, 2006 in the new action. Two days later, counsel filed the instant Motion for Costs of the Previously Dismissed Action, a motion opposed by Plaintiffs.

## DISCUSSION

Rule 41(d) of the Federal Rules of Civil Procedure provides that:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

Fed. R. Civ. P. 41(d). Whether to assess costs of the previously dismissed action remains a decision within the discretion of the district court. *See* 9 Charles Allen Wright & Arthur R. Miller, Federal Practice and Procedure § 2375 (2d ed. 1987). This rule is permissive and does not require a court to automatically stay a subsequent proceeding. *See Phoenix Canada Oil Co., Ltd. v. Texaco, Inc.*, 78 F.R.D. 445 (D. Del. 1978).

Plaintiffs argue that Defendant is not entitled to costs because she voluntarily entered the suit and waived service, and therefore needlessly enhanced her costs. In support of this position,

2

Plaintiffs cite the Second Circuit decision of *Gregory v. Dimock*, 286 F.2d 717 (2d Cir. 1961).  In *Gregory*, the defendant moved for costs under Rule 41(d).  Granting the *Gregory* plaintiff's writ of mandamus, the Second Circuit concluded that the district court's award of costs was inappropriate where the defendant increased his costs by first erroneously removing the original case to the federal courts, and then, after remand, failing to answer the complaint in the state court.  *Id.* at 718.  In addition, the Second Circuit noted that the plaintiff was effectively indigent, and thus the imposition of costs prevented the plaintiff from pursuing his case altogether.  *Id.*

In *Ayers v. Conser*, 26 F. Supp. 95 (E.D. Tenn. 1938), another case upon which Plaintiffs rely, a court performed a similar analysis.  In that case, based on evidence that the defendants attempted to delay and prevent service of process, the court denied defendant's motion for costs under Rule 41(d).  *Id.* at 95.

While Defendant Hien did voluntarily enter this case, this fact alone proves insufficient to bring this case under the rubric of *Gregory* and *Ayers*.   No evidence suggests that Defendant Hien did anything to *protract* the previous litigation.   It would seem, then, that Plaintiffs contend that Defendant Hien's choice to prepare a defense after learning that she had been named in a lawsuit is both unreasonable and unnecessary.  This Court cannot agree.  Mounting a defense to a suit often requires substantial time and resources, and a defendant may decide to waive service to give herself additional time to adequately respond to the allegations in the complaint.  *Cf.*  Fed. R. Civ. P.  4(d) (waiver of service allows a defendant 40 additional days to answer the complaint).  Nothing in *Gregory* or *Ayers* suggests that a court should deny a Rule 41(d) motion for costs where the

3

defendant did not delay or hamper plaintiff's efforts to litigate.[1]  For this reason, the Court finds that *Gregory* and *Ayers* are inapposite.

Likewise, Plaintiffs' reliance on a line of cases typified by *Westland Water District v. United States*, 100 F.3d 94 (9th Cir. 1996) and *Puerto Rico Maritime Shipping Authority v. Leith*, 889 F.2d 919 (1st Cir, 1989) appears misplaced.  All of these decisions interpreted Section (a) of Rule 41, not section (d), the applicable provision here.

Having distinguished the cases cited by Plaintiffs, this Court finds that the assessment of costs is appropriate in this case.  Plaintiffs have filed a duplicate action against the same defendants.  In connection with the previous suit, Defendant Hien had to incur certain fees and costs and now must defend herself against the same allegations anew.  To the extent that Defendant Hien incurred fees and costs for work that cannot be used again in this suit, she is entitled have those costs reimbursed by Plaintiffs.  *Cf. Davis v. USX Corp.,* 819 F.2d 1270, 1276 (4th Cir.1987) (noting that a court may condition voluntary dismissal without prejudice on the payment of fees for costs in litigation for work that cannot be used again in a future suit.)

Although this Court recognizes that Plaintiffs proceeded *pro se* in the previous action after their attorney withdrew, Plaintiffs did not dismiss the action promptly after they were unable to obtain counsel.  Instead, Plaintiffs allowed this case to linger an additional five months before they filed the Rule 41(a) notice.  As a result, Plaintiffs increased the costs to the defendants unnecessarily.  That Plaintiffs were *pro se* does not and should not entirely shield them from the potential consequences of Rule 41(d).

---

[1] This Court also notes that as Plaintiffs filed the first suit in December of 2004, service of process would have been due in April of 2005, and Defendants would have had to answer the complaint well before Plaintiffs voluntarily dismissed the suit on August 25, 2005.

The Court, however, in its discretion will limit Defendant Hien's recovery. Defendant Hien seeks reimbursement for time spent researching Plaintiffs' corporate status, filing entry of an appearance, sending a letter to Plaintiffs accepting service, drafting an opposition to one of Plaintiffs' motions, and preparing a bill of particulars. Defendant's research and draft of a bill of particulars may well assist her in this action. Accordingly, the Court will only order Plaintiffs to pay for Defendant's costs associated with entry of her appearance, the letter to Plaintiff accepting service, and preparation of the opposition to Plaintiffs' motion in the previous action.

## **CONCLUSION**

For aforementioned reasons, this Court will grant Defendant's Motion for Costs of a Previously Dismissed Action [6] and stay this case pending the payment of these costs. An Order consistent with this Opinion will follow.

Date:  March 24, 2006                                /s/
                                        Alexander Williams, Jr.
                                        United States District Court