**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| DAI CHUNG NEW MEDIA, INC., *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. AW-05-3420 |
| HIEN THI NGO, *et al.*, | * | |
| Defendant. | * | |

\*\*\*\*\*

**MEMORANDUM OPINION**

Currently pending before the Court is Plaintiff's Motion for Extension of Time to Serve Two Defendants [20]. For the reasons stated below, this Court will DENY Plaintiffs' Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Dai Chung News Media Incorporated is a Maryland corporation and does business as Dai Chung Bi-weekly Newspaper ("Dai Chung"). Plaintiff Hoai Thanh ("Thanh"), a self-described member of the Vietnamese-speaking community in the United States, owned and operated Dai Chung for a number of years. On December 22, 2005, Dai Chung and Thanh (collectively, "Plaintiffs") filed a complaint in the United States District Court for the District of Maryland against Hien Thi Ngo, Hung Ngoc Ngo, Vietnamese Public Radio, Inc., Committee for Religious Freedom in Vietnam Inc., Nguyen Hong Thai, Thang Dinh Nguyen, Boat People S.O.S., Inc., Tran Nghi Hoang , Le Phai, Inc., and John Does 1 through 7 (collectively, "Defendants"). As noted in this Court's earlier Memorandum Opinion, dated March 23, 2006, this action is identical to an action Plaintiffs filed on December 27, 2004 in this Court. In current action, service of process was due on all defendants on April 21, 2005. On that date, Plaintiff filed a Motion to Extend the Time to Serve Defendants Thang Dinh Nguyen and Boat People S.O.S., Inc. Plaintiff's motion for extension

of time acknowledges that Plaintiff has not served Defendants Thang Dinh Nguyen, Boat People S.O.S., Inc. with the Complaint and Summons, but states that Plaintiffs' agent attempted unsuccessfully to serve both defendants on April 15, 2006 and April 17, 2006.

## STANDARD OF REVIEW

To effectuate service, a plaintiff must comport with the requirements of the Federal Rules of Civil Procedure Rule 4. *See* Fed. R. Civ. P. 4(c). If a Plaintiff fails to accomplish service in accordance with Rule 4, a court may dismiss the action. In dismissing a cause of action due to the insufficiency of service of process, a court must dismiss the case "without prejudice." *See* Fed. R. Civ. P. Rule 4(m). A dismissal "without prejudice" gives the plaintiff the right to refile the complaint as if the original had never been filed, but the new complaint will be subject to time defenses, such as the statute of limitations. *See Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995); *United States v. Brit*, 170 F.R.D. 8, 9 (D. Md. 1996).

## ANALYSIS

Rule 4 sets forth the general requirements for service under the Federal Rules of Civil Procedure. Subsection 4(m) concerns the proper timing for service and provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, Plaintiffs does not dispute that they failed to effect service upon Boat People S.O.S., Inc. and Thang Dienh Nguyen within the 120 days specified by Rule 4(m).

Whether a court possesses the discretion to extend the time allowed for service of process

2

without good cause remains the subject of debate in this circuit.  *Compare Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D. Md. 2002) (holding that court has discretion to allow discretionary extensions of time for service of process); *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d at 527-28 (same); *Coates v. Shalala*, 914 F. Supp. 2d 110, 113 (D. Md. 1996) (same) *with Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1999) (holding that district courts have no discretion to grant motion for extension of time without "good cause").  In 1995, the Fourth Circuit in *Mendez v. Elliot*, interpreted Rule 4(m) to require a court to dismiss a plaintiff's complaint without prejudice when service of process does not occur within the specified time period unless the plaintiff shows "good cause."  *Mendez*, 45 F.3d at 80.

A year after *Mendez*, the Supreme Court decided *Henderson v. United States*, 517 U.S. 654 (1996).  In *Henderson*, the Supreme Court held that Rule 4's service of process provisions supersede the Suits in Admiralty Act provision that requires service on the United States be made "forthwith." *Id.* at 669-72.  In its discussion of Rule 4, the Supreme Court concluded that Rule 4(m) accords courts the discretion to enlarge the 120-day limit "even if there is no good cause shown." *Id.* at 662-63 (quoting Advisory Committee Notes to Rule 4(m)).  Although this statement is technically dicta, courts have read *Henderson* as support for the proposition that district courts may grant discretionary time extensions under Rule 4(m) without a showing of good cause.  *See, e.g.*, *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288 (D. Md. 2002) (Nickerson, J.) (finding that court possessed discretionary authority to enlarge time period even without showing of good cause); *Cruz v. Hampden County*, 1998 WL 812398, at *2 (D. Mass. November 6, 1998) (same).  The Fourth Circuit, however, has not revisited this issue.  As courts have pointed out, because the statement in *Henderson* is dicta, *Mendez* remains binding on Fourth Circuit courts.

Assuming that *Mendez* remains good law, the Court must find that Plaintiffs established good cause to grant a time extension. Although there is no bright line rule for establishing "good cause," courts have uniformly held that to find good cause, some unusual circumstance must have prevented timely service and that mere inadvertence or neglect of counsel to file in a timely fashion does not suffice. *See, e.g.*, *Hammad*, 31 F. Supp. 2d at 528 (holding that misunderstanding between attorney and client does not meet the standard for "good cause"); *Braithwaite v. Johns Hopkins Hosp.*, 160 F.R.D. 75, 77-78 (D. Md. 1995) (holding that murder of plaintiff's daughter and negligence of plaintiff's attorney were not good cause); *Vincent v. Reynolds Memorial Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992) ("Inadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or half-hearted attempts at service have generally been waived as insufficient to show good cause."). For example, courts have found "good cause" existed for a delay in service of process in the following circumstances: the plaintiff had difficulty obtaining defendant's proper address, *see Motsinger v. Flynt*, 119 F.R.D. 373 (M.D.N.C. 1988) (defendant gave plaintiff and court wrong address); court personnel's error caused the delay, *see Davidson v. Weltman, Weinberg & Reis*, 285 F. Supp. 2d 1093 (S.D. Ohio 2003) (clerk's office error delayed issuance of summons and impeded service of process); and, the defendant evaded service, *see Henry v. Schneider*, 116 F.3d 446, 449 (10th Cir. 1997) (holding that Plaintiff demonstrated "good cause" where defendant evaded service); *Blessinger v. United States*, 174 F.R.D. 29, 31 (E.D.N.Y. 1997) (same). At the very least, "[g]ood cause encompasses reasonable diligent efforts to effect service on the defendants" *Burns & Russell Co. v. Oldcastle, Inc.*, 166 F. Supp. 2d 432, 439 fn.9 (D. Md. 2001).

Plaintiffs have represented that they made several attempts to serve Defendants Boat People S.O.S. and Thang Dinh Nguyen just shortly before the end of the 120-day time period for service.

Other courts in this district have previously held that "[l]ast minute attempts at service, absent some explanatory justification, do not establish good cause." *Hoffman v. Baltimore Police Dept.*, 379 F. Supp. 2d 778, 786 (D. Md. 2005) (quoting *McIsaac v. Ford,* 193 F. Supp. 2d 382, 383-384 (D. Mass. 2002) internal quotation marks omitted).  Likewise, this Court will not excuse Plaintiffs' failure to serve Defendants Boat People S.O.S. and Thang Dinh Nguyen because Plaintiff has not shown good cause and made efforts to serve these defendants only days before the expiration of the 120-day time limit.

In addition, even if this Court did possess discretion to extend the deadline set forth by Rule 4(m), it would decline to do so in this case.  Plaintiffs also concede that they are unaware of Thang Dinh Nguyen's schedule and understand that he is often out of the area.  As a result, Plaintiffs have not proposed a new time frame within which they will accomplish service.  This Court sees no compelling reason to extend the deadline for service indefinitely.  It appears that the statute of limitations has not run on Plaintiffs' causes of action, and Plaintiffs may refile this Complaint against the unserved Defendants at any time.  As a result, this Court will dismiss the Complaint as it relates to Defendants Boat People S.O.S. and Thang Dinh Nguyen *without prejudice*.

## **CONCLUSION**

Therefore, this Court will DENY Plaintiff's Motion for Extension of Time to Serve Two Defendants [20].  An Order consistent with this Opinion will follow.

Date:  May 12, 2006                          /s/
                                             Alexander Williams, Jr.
                                             United States District Court