IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAI CHUNG NEWS MEDIA INC., *et al.* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. AW-05-3420 |
| | * | |
| HUNG NGOC NGO, *et al.* | * | |
| | * | |
| Defendants | * | |

******************************************************************************

## MEMORANDUM OPINION

Currently pending before the Court are two motions: 1) a Motion to Dismiss (Paper No. 54) filed by Defendants Hien Thi Ngo, Hung Ngoc Ngo, Vietnamese Public Radio, Inc., Committee for Religious Freedom in Vietnam, Inc., Hoang Nghi Tran, and Le Phai, Inc.; and 2) a Motion to Dismiss (Paper No. 58) filed by Defendants Thang Dinh Nguyen and Boat People S.O.S., Inc. (collectively, "Defendants' Motion to Dismiss"). The Court has reviewed the entire record. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated more fully below, the Court will grant Defendants' Motion to Dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Dai Chung News Media Incorporated is a Maryland corporation and does business as Dai Chung Bi-weekly Newspaper ("Dai Chung"). Plaintiff Hoai Thanh ("Plaintiff" or "Thanh"), a self-described member of the Vietnamese-speaking community in the United States, owned and operated Dai Chung for a number of years. On December 27, 2004, Dai Chung and Thanh (collectively, "Plaintiffs") filed a complaint in the United States District Court for the District of Maryland against Hien Thi Ngo ("Hien"), Hung Ngoc Ngo, Vietnamese Public Radio, Inc.,

1

Committee for Religious Freedom in Vietnam Inc., Nguyen Hong Thai, Thang Dinh Nguyen, Boat People S.O.S., Inc., Tran Nghi Hoang, Le Phai, Inc., and John Does 1 through 7 (collectively, "Defendants"). The December 27, 2004 complaint alleged that Defendants violated various provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), engaged in a civil conspiracy, cast Plaintiffs in a false light, defamed Plaintiffs, and maliciously prosecuted Plaintiffs. On January 25, 2005, an attorney for Defendant Hien entered an appearance on her behalf, as well as on behalf of several other defendants, accepting and waiving service of the complaint and summons. This action remained pending before the Court until August 25, 2005, at which time Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Plaintiffs filed the present suit on December 22, 2005 in this Court against the same defendants in the previous action. The original Complaint filed in this suit is identical to the December 27, 2004 complaint that Plaintiffs previously dismissed. On October 13, 2006, Plaintiffs filed an Amended Complaint, continuing to allege RICO violations and the various state law claims. Defendants have moved to dismiss the Amended Complaint for failure to state a claim. The motions have been fully briefed, and an Opinion will now issue.[1]

**STANDARD OF REVIEW**

A court must deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In

---

[1] The parties agree that since the corporate Plaintiff, Dai Chung, no longer exists, it cannot maintain this action. Therefore, the only remaining Plaintiff in this case is Thanh, the individual Plaintiff.

determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence . . . of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiffs'] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

## **ANALYSIS**

The basis for the Court's jurisdiction over the present action is the federal RICO Act, 18 U.S.C. § 1962. The Court has jurisdiction over Plaintiff's state law claims pursuant to the supplemental jurisdiction provision of 28 U.S.C. § 1367. Defendants have moved the Court to dismiss Plaintiff's Amended Complaint on the grounds that, among other things, Plaintiff has failed to state a claim under the RICO statute.

1.  Plaintiff's RICO claim

Under the RICO Act, a civil cause of action is authorized if the plaintiff has been "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Therefore, in order to state a RICO claim, Plaintiff must show: 1) a pattern of racketeering in

violation of 18 U.S.C. § 1962; 2) a resulting injury to Plaintiff's business or property; and 3) a sufficient causal connection between the section 1962 violation and Plaintiff's injury.

Here, Plaintiff's alleged RICO violations are mail fraud, wire fraud, and interference with commerce. Plaintiff contends that Defendants used the mail and wire communications to transfer credit and other monies in a scheme designed to defraud members of the Vietnamese community of their donations. Plaintiff essentially alleges that Defendants made fraudulent representations about where the donations were going. When Plaintiff began to question Defendants about the management of the funds, Plaintiff alleges that Defendants launched a campaign to run Plaintiff out of business.

Plaintiff's allegations of fraud are not sufficient to constitute a pattern of racketeering.[2] The Fourth Circuit has described the type of pattern that constitutes a RICO violation as "a matter of criminal dimension and degree." *International Data Bank v. Zepkin*, 812 F.2d 149, 155 (4th Cir. 1987). Explaining further, the Fourth Circuit reasoned that it was Congress' intent for the RICO statute "to serve as a weapon against ongoing unlawful activities whose scope and persistence pose a special threat to social well-being." *Id.* With respect to mail and wire fraud allegations, the Fourth Circuit "has been particularly cautious about basing a RICO claim on predicate acts of mail and wire fraud." *Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000). The Fourth Circuit's caution is "designed to preserve a distinction between ordinary or garden variety fraud claims better prosecuted under state law and cases involving a more serious scope of activity." *Maryland-National Capital Park & Planning Comm'n v. Boyle*, 203 F. Supp. 2d 468, 476 (D. Md.

---

[2] The Court also agrees with Defendants that Plaintiff's allegations of fraud do not meet the more stringent pleading requirements of Rule 9 of the Federal Rules of Civil Procedure.

2002) (quoting *Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000)).

Here, Plaintiff alleges that Defendants have mismanaged customers' donations and have suppressed the truth when questioned about the matter.  Even if Defendants have perpetrated a fraudulent scheme, Plaintiff has not alleged facts that elevate this case to a "criminal dimension and degree." *International Data Bank*, 812 F.2d at 155.  This is not the type of case that poses "a special threat to social well-being." *Id.*  Rather, the Court agrees with Defendants that this case is nothing more than the "ordinary or garden variety fraud claims better prosecuted under state law." *Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000).  As such, the Court rejects Plaintiff's allegations of mail fraud and wire fraud as predicate acts under the RICO statute.

Plaintiff also alleges that Defendants engaged in a pattern of racketeering by interfering with commere by threats or violence in violation of 18 U.S.C. § 1951.  Section 1951 provides that

> [w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 1951.  In support of his interference with commerce argument, Plaintiff alleges that by "indicating that the plaintiffs were communists[,]" over Defendants' radio broadcast, Defendants "cause[d] intimidation and violence."  Am. Compl. § 52(b)(1).  It would be preposterous for this Court to find that the mere act of calling someone a communist constitutes a pattern of racketeering. As such, the Court finds that Plaintiff has not alleged a violation of the RICO Act.  Having not satisfied the first element of a RICO claim, the Court need not discuss the remaining elements. Therefore, Counts I and II of Plaintiff's Complaint must be dismissed for failure to state a claim.

2.  Plaintiff's State Law Claims

Having dismissed Plaintiff's federal claims, the Court must now decide whether to retain jurisdiction over Plaintiff's remaining state law claims. Complete diversity between the parties does not exist, so there is no independent basis for federal jurisdiction over Plaintiff's state law claims. Although 28 U.S.C. § 1367 gives this Court jurisdiction over state claims that are part of the same case or controversy as a claim over which the Court has original jurisdiction, Section 1367 also gives this Court the discretion to decline jurisdiction over those state claims in the event the federal claim is dismissed. The Court is persuaded that since Plaintiff's federal claims have been dismissed at such an early stage in this litigation, it is appropriate to also dismiss Plaintiff's remaining claims for false light, conspiracy to commit false light, defamation, conspiracy to defame, malicious prosecution, and conspiracy to maliciously prosecute.

## **CONCLUSION**[3]

For the reasons stated above, the Court will grant Defendant's Motion to Dismiss (Paper Nos. 54 and 58). An Order consistent with this opinion will follow.

March 28, 2007
Date

/s/
Alexander Williams, Jr.
United States District Judge

---

[3] Because the Court has disposed of Plaintiff's Amended Complaint on other grounds, the Court does not offer an opinion on the statute of limitations arguments put forward by Defendants.